IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA EHRET,

          Plaintiff,

vs.

                        No. CIV 98-1201 MV/RLP

SIMMONS RADIO GROUP, INC., a
foreign corporation,

          Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Partial Motion to Dismiss, filed on December 18, 1998 **[Doc. 15]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

### BACKGROUND

Plaintiff, Brenda Ehret, filed an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., against her previous employer, Defendant, Simmons Radio Group, Inc. She alleges that the defendant discriminated against her, in the terms and conditions of her employment, on the basis of her age, which led to her forced resignation. Defendant asserts first that the Court lacks subject matter jurisdiction and second that the complaint fails to state a claim, in part.

**STANDARD OF REVIEW**

I. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.* In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id.* In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional

question is intertwined with the merits of the case." *Holt,* 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n.5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1003.

II. Motion to Dismiss For Failure to State a Claim

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

In its Partial Motion to Dismiss, the Defendant asserts that the Court lacks subject matter jurisdiction over the Plaintiff's Complaint. The Plaintiff alleges her claim arises under "the ADEA, 29 U.S.C. § 621 et seq., which applies to private employers with more than twenty employees, the Civil Rights act of 1991, Public Law 102-166, the Constitutions of the United States of New Mexico, and the laws, statutes, regulations, policies, practices, and customs of the State of New Mexico and its agencies and political subdivisions." Complaint at ¶ 3. Plaintiff then pleads a single count of age discrimination with supporting facts. Thus, while Plaintiff's claim does arise under the ADEA, the Civil Rights Act of 1991, and Public Law 102-166, it does not arise under the Constitutions of the United States and the State of New Mexico. These latter jurisdictional allegations do not have any effect because there are no counts or facts pled under them. However, the Court plainly has subject matter jurisdiction as the facts pled do state a claim under the ADEA, a federal statute. Therefore, this Court will deny Defendant's Motion to Dismiss on the lack of subject matter jurisdiction.

The Defendant also argues that the Plaintiff fails to state a claim "under the Constitutions of the United States and the State of New Mexico." While this is true, it is irrelevant since Plaintiff has not pled any counts under either Constitution. In her complaint, Plaintiff has established facts in support of her claim of age discrimination and no other counts exist. Based on these facts, the Defendant's Motion to Dismiss for failure to state a claim will be denied.

The Defendant in this case seems to be concerned with the language in Paragraph 3 of Plaintiff's Complaint. As the Court has previously stated, this language about the United States and the New Mexico State Constitutions has no effect because there are no other facts or counts pled

4

under either Constitution. However, in order to resolve any ambiguities, the Court will *sua sponte* strike this language from the Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss for lack of subject matter jurisdiction **[Doc. 15]** is hereby **DENIED** and Defendant's Partial Motion to Dismiss for failure to state a claim upon which relief may be granted **[Doc. 15]** is hereby **DENIED**. However, the Court will strike the following language from Paragraph 3 of Plaintiff's Complaint for clarity: "the Constitutions of the United States and the State of New Mexico and its agencies and political subdivisions."

MARTHA VÁZQUEZ
DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Daniel M. Faber

Attorney for Defendants:
    Marcia E. Lubar