IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA EHRET,

    Plaintiff,

vs.                                                                    No. CIV 98-1201 MV/RLP-ACE

SIMMONS RADIO GROUP, Inc., a
foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment, filed June 28, 1999 **[Doc. No. 33]**, and Defendant's Motion to Strike Affidavits Filed by Plaintiff in Opposition to the Motion for Summary Judgment, filed July 9, 1999 **[Doc. No. 35]**. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motion for summary judgment is well taken and will be **granted**, and that the motion to strike will be **dismissed as moot**.

### Background

Plaintiff Brenda Ehret alleges that her former employer, Defendant Simmons Radio Group, discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Specifically, Ms. Ehret charges that Simmons reorganized the sales force at its Albuquerque radio stations into three groups based upon the ages of its sales representatives, and that as a result her income was negatively impacted. Ms. Ehret is aggrieved that Simmons allegedly placed the sales representatives under the age of forty in one group allowed to sell

advertising only to radio stations ARROW and EASY, placed the representatives between the ages of forty and fifty, including Ms. Ehret, in a group allowed to sell only to stations KOOL and HORIZON, and placed the representatives over age fifty on a team selling only to radio station KIVA. Ms. Ehret alleges that prior to this reorganization, the sales team was not segregated by age. Although she derived a substantial part of her income from KOOL, Ms. Ehret claims that her being prevented from selling to ARROW and other stations unfairly reduced her income. Lastly, Ms. Ehret avers that Simmons improperly removed her as the account representative for advertiser American Home Furnishings. The reorganization apparently triggered Ms. Ehret's resignation.

Simmons defends by stating that the reorganization was based on legitimate, age-neutral business reasons, and that Ms. Ehret suffered no damages or adverse employment action because she resigned before the reorganization took effect. Simmons further contends that Ms. Ehret would have received 16 new accounts in the reorganization, which would have resulted in projected yearly commissions of $7,724. Finally, Simmons insists that it removed Ms. Ehret from the American Home Furnishings account because it had received complaints, which it substantiated, from the advertiser.

The motion for summary judgment argues three points: first, that Ms. Ehret has failed to make out a prima facie case of discrimination, second, that Simmons had a legitimate, age-neutral business reason for reorganizing its sales staff, and third, that Ms. Ehret has not brought forth evidence showing that this business reason was a pretext for age discrimination. The motion to strike addresses the sufficiency of the sworn declarations Ms. Ehret has provided to support her opposition to the motion for summary judgment. Simmons contends that the declarations of Ms. Ehret and her colleague Ms. Kathy Salazar are based on speculation and hearsay. Simmons also maintains that those declarations show a lack of personal knowledge, thus making them inappropriate for the

Court's consideration in a summary judgment motion.

## Discussion

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, the moving party initially carries the burden of pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case, although the moving party "need not affirmatively negate the nonmovant's claim in order to obtain summary judgment." *Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 1165 (1998), *citing Celotex v. Catrett*, 477 U.S. 317, 322-23, 325 (1986). The Court examines the factual record and all reasonable inferences therefrom in the light most favorable to the nonmoving party, *Allen*, 119 F.3d at 839-40, and materiality of facts in dispute, if any, is dependent upon the substantive law, *id.* at 839, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant has met this burden, Rule 56 requires the nonmovant to go beyond the pleadings and show, through affidavits, depositions, answers to interrogatories, and the like that there is a genuine issue for trial. *Allen*, 119 F.3d at 841, *citing Celotex*, 477 U.S. at 324; *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1988). Conclusory allegations are not enough, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-72 (10th Cir. 1998), but summary judgment "is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law." *David v. City and County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1996), *cert. denied*, 118 S.Ct. 157 (1997).

In this case the ADEA supplies the substantive law. Under the Act's construing case law, a

plaintiff may indirectly meet her burden of proof by using the shifting burden approach set out in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Gonzagowski v. Widnall*, 115 F.3d 744, 749 (10th Cir. 1997). Using that approach, Ms. Ehret first must establish a prima facie case of age discrimination by showing 1) that she was within a protected age group, 2) that she was doing satisfactory work, 3) that she was discharged, and 4) that her position was filled by a younger person, or that she was otherwise treated less favorably than younger employees. *Id.* Simmons admits that Ms. Ehret meets the first element, and declines to contest the second. Simmons argues, however, that because Ms. Ehret resigned before the reorganization took place, she cannot show adverse action. The Court agrees that Ms. Ehret has not met her prima facie burden.

Ms. Ehret, in part by resigning before testing her assumptions about loss of income as a result of the reorganization, effectively prevented a presentation of proof showing an adverse effect from that reorganization. Both in her response to the motion for summary judgment and in an accompanying declaration, Ms. Ehret claims that the reorganization would have resulted in lower commissions. Ms. Ehret does not show, however, that this result indeed occurred. Moreover, Ms. Ehret states in her declaration:

> Even after the reorganization, I could have earned as much in commissions as before, but it would have been unrealistic to project that I would have done so as the stations I was allowed to sell were not nearly as salable as the ones that were taken away from me.

Ehret Declaration at ¶ 6.

Ms. Ehret herself implicitly acknowledges, therefore, that earning the same amount in commissions as before the reorganization, while perhaps unrealistic as a projection, was possible. The evidence Ms. Ehret has put forth is speculative, and Ms. Ehret has offered no other evidence in support of her

4

contention of post-reorganization diminished income.

Other than testing her assumptions by remaining at Simmons, Mrs. Ehret may have been able to show through other means that the reorganization, even had she chosen to accept it, would have impacted her financially. For example, she could have obtained sales figures from all the stations in question, either from Simmons or its predecessors in interest, that may have substantiated her allegations that the accounts to which she would have been assigned were less lucrative. Ms. Ehret also could have shown through the depositions of her former colleagues that the stations to which Simmons assigned her were less "salable," as she termed it. The Court will not require an employee who is aggrieved at alleged discrimination to remain on the job in order to obtain financial proof of that discrimination's impact. Yet the Court in this instance does not have before it any evidence, other than a speculative allegation somewhat undermined by Ms. Ehret's own admission, that the reorganization would have reduced her income.[1]

Nor has Ms. Ehret shown that the Court should treat her resignation, for purposes of summary judgment, as constructive discharge. Constructive discharge "occurs when a reasonable person in the employee's position would view the working conditions as intolerable. That is to say the working conditions, when viewed objectively, must be so difficult that a reasonable person would feel compelled to resign." *Yearous v. Niobrara County Mem. Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 1515 (1998). A plaintiff's subjective views are irrelevant, and to prevail she essentially must show that she had no other choice but to quit. *Id.* In the discrimination context, "[a] finding of constructive discharge must not be based only on the discriminatory act; there

---

[1] The Court also notes that the reassignment of the American Home Furnishings account is not a factor in this case. Ms. Ehret claims that this reassignment was not a cause of her resignation. Ehret Declaration at ¶ 5.

must also be aggravating factors that make staying on the job intolerable." *James v. Sears, Roebuck & Co., Inc.*, 21 F.3d 989, 992 (10th Cir. 1994). Here Ms. Ehret only has alleged the taking away of the American Home Furnishings account as a possible aggravating factor. By her own admission, however, Ms. Ehret has stated that this action, about which there is a dispute of fact, was not a factor in her resignation. Consequently, the dispute of fact is not material. Because Ms. Ehret has not sufficiently shown adverse action or less favorable treatment, then, the Court is compelled to grant summary judgment in favor of Defendant.

**THEREFORE**,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, filed June 28, 1999 **[Doc. No. 33]** be, and hereby is, **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Affidavits Filed by Plaintiff in Opposition to the Motion for Summary Judgment, filed July 9, 1999 **[Doc. No. 35]** be, and hereby is, **dismissed as moot**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Counsel for Plaintiff
    Daniel M. Faber
    Robert L. Pidcock

Counsel for Defendant
    Marcia E. Lubar
    Julie E. Chicoine