CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

99 DEC -7 PM 3: 29

[signature]
CLERK-SANTA FE

BRENDA EHRET,

    Plaintiff,

vs.     No. CIV 98-1201 MV/RLP-ACE

SIMMONS RADIO GROUP, Inc., a
foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, filed August 19, 1999 **[Doc. No. 51]**, and Plaintiff's Motion to Enforce Acceptance of Offer of Judgment, filed August 19, 1999 **[Doc. No. 53]**. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motion to enforce is well taken and will be **granted**, and that the motion for reconsideration will be **dismissed as moot**.

## BACKGROUND

Plaintiff Brenda Ehret brought this action against her former employer, Defendant Simmons Radio Group, alleging that Defendant discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Defendant reorganized the sales force at its Albuquerque radio stations into three groups, assigning to each group certain radio stations to whom they could sell. This was a change from the previous system under which representatives could sell to any of the stations. Plaintiff charged that the groups were formed based upon the ages of the sales representatives, and that as a result of the new system her commission

income would be negatively impacted. Plaintiff's complaint was also based on the reassignment of the American Home Furnishings account from her to another representative. Plaintiff resigned shortly after the reassignment of this account and the larger reorganization.

Defendant filed a motion for summary judgment and on August 6, 1999, the Court granted the motion and entered judgment in favor of Defendant and against Plaintiff. The Court found that Plaintiff could not state a prima facie case of age discrimination because there was no evidence that the reorganization would in fact have had an adverse impact on her. A somewhat unusual set of events occurred immediately before and after the Court's granting of summary judgment in favor of Defendant, as set forth below.

| | |
|---|---|
| <u>August 5, 1999</u>: | Defendant mailed and faxed an Offer of Judgment in the amount of $6,000.00 to Plaintiff pursuant to Federal Rule of Civil Procedure 68. |
| <u>August 6, 1999</u>: | |
| 9:35 a.m | Plaintiff's counsel received the Offer of Judgment by fax. |
| Moments later | The Court Clerk called both attorneys, advising them that the Court would enter summary judgment in favor of Defendant. |
| 9:54 a.m | Plaintiff accepted the Offer of Judgment, faxing a letter to that effect to Defendant's attorney. |
| 10:06 a.m. | Defendant faxed a letter to Plaintiff stating its intention to withdraw its Offer of Judgment. |
| 10:42 a.m. | Plaintiff's Notice of Acceptance of Offer of Judgment was filed. |
| 12:02 p.m. | The Court's Judgment for Defendant and against Plaintiff was filed, pursuant to the Court's Memorandum, Opinion and Order granting Defendant's motion for summary judgment. |
| 3:11 p.m. | Plaintiff filed the Offer of Judgment by Defendant. |

The parties now dispute whether Plaintiff's acceptance of Defendant's Offer of Judgment is valid. Plaintiff has filed a motion to enforce her acceptance which Defendant opposes. Plaintiff has also filed a motion urging the Court to reconsider its summary judgment decision. As explained below, the Court finds that the Offer of Judgment is enforceable, and that therefore the motion for reconsideration is moot.

## DISCUSSION

Pursuant to Rule 68, a defending party can serve upon the adverse party an offer to allow judgment to be entered against the defendant in the amount offered. Fed. R. Civ. P. 68. The adverse party then has ten days to serve written notice that the offer has been accepted. *Id.* At that point, "either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." *Id.* A defendant's filing of a Rule 68 offer of judgment has important consequences for a plaintiff. If the plaintiff rejects the offer and the final judgment obtained by the plaintiff is not more favorable than the offer, the court must order that the plaintiff pay the costs incurred by the defendant after the offer was made. *Id.* In part because of the pressure this puts on the plaintiff, several courts have held that the a Rule offer is irrevocable for ten days. *See, e.g. Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 764-65 (D.C. Cir. 1995); *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). In fact, Defendant in this case concedes that Rule 68 offers are irrevocable.

Defendant contends however that the only proper way to enforce the acceptance of a Rule 68 offer is to file an order to alter or amend judgment under Rule 59(e). Because Plaintiff's motion failed to reference this particular rule, Defendant argues, the Court cannot enter the judgment which Defendant offered and Plaintiff accepted. The Court declines to impose so rigid a requirement and

3

to place form above substance. Courts have consistently applied this practical approach, holding that a motion filed within ten days of the judgment which seeks a substantive change in the judgment should be treated as a motion to alter or amend under Rule 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("Which rule applies to a motion depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of the judgment, the motion ordinarily will fall under Rule 59(e)) (citing *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04(10th Cir. 1988)); *Hertz v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1131 (11th Cir. 1994) ("the determination [which Rule controls a motion] is governed by functions rather than labels") (citing *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231-31 (11th Cir. 1984)). Because Plaintiff's motion to enforce her acceptance of the offer of judgment was filed within ten days of the Court's entry of summary judgment, and the motion seeks to change the judgment, it is properly construed as a Rule 59(e) motion.

As stated above, Rule 68 motions are irrevocable for ten days barring, for example, fraud. Moore's Federal Practice § 68.04[3] (3rd ed. 1998); *Richardson*, 49 F.3d at 764; *Webb*, 147 F.3d at 620. Therefore, the Court finds that Defendant's attempted withdrawal of its Rule 68 offer is invalid. Plaintiff properly accepted the offer and filed the acceptance and the offer with the Court. The one complication is that Plaintiff filed the offer after the Court had entered summary judgment against Plaintiff. The one case this Court could find that addressed a summary judgment motion filed after a Rule 68 offer and before its acceptance is *Perkins v. US West Communications*, 138 F.3d 336 (8th Cir. 1998). The *Perkins* court held that despite the intervening motion for summary judgment for Defendant, the Defendant's offer for judgment remained valid for a full ten days and Plaintiff could properly accept it. *Id.* at 339. Similarly, in this case, the Court's summary judgment order entered

4

before Plaintiff filed the Defendant's offer does not invalidate the offer. Plaintiff's acceptance of the offer was valid. The Court therefore grants Plaintiff's motion to enforce the Rule 68 offer of judgment. This judgment will be entered and the Court's judgment in favor of Defendant and against Plaintiff set aside. Consequently, Plaintiff's motion to reconsider its granting of summary judgment on behalf of Defendant is dismissed as moot.

The Court must consider one remaining matter – Plaintiff's request that the Court order sanctions against Defendant for its alleged bad faith attempt to withdraw its offer of judgment. Plaintiff suggests that sanctions in the amount of attorney's fees and costs incurred since she accepted the offer are appropriate. The Court declines to impose such sanctions. First, though Defendant admitted in its response to Plaintiff's motion to enforce the Rule 68 offer that such offers are irrevocable for ten days, there is no indication that Defendant knew this when it sought to withdraw the offer thus evincing the bad faith Plaintiff assumes. Second, Plaintiff would have had to file a motion to amend the judgment regardless of whether Defendant had attempted to withdraw its offer because the clerk had not entered the Rule 68 offer of judgment in place of the Court's judgment. Third, the attorney fees Plaintiff has incurred since the offer include the Plaintiff's motion for reconsideration of the Court's summary judgment order which is not relevant to Defendant's attempted withdrawal of its offer. For the foregoing reasons, the Court will not impose sanctions.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Enforce Acceptance of Offer of Judgment **[Doc. No. 53]** is hereby **granted**.

**IT IS FURTHER ORDERED** that the Court's Memorandum, Opinion and Order granting summary judgment for Defendant **[Doc. 47]** and the Judgment entered by the Court for Defendant

and against Plaintiff **[Doc. 48]** are hereby **set aside**. Judgment is therefore entered on behalf of Plaintiff and against Defendant in the amount of $6,000.00.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration **[Doc. No. 51]** is hereby **dismissed as moot**.

MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Counsel for Plaintiff
Daniel M. Faber
Robert L. Pidcock

Counsel for Defendant
Marcia E. Lubar
Julie E. Chicoine